1  David J. Feldman, Esq.
   Nevada Bar No. 5947
2  FELDMAN GRAF, P.C.
   8845 West Flamingo Rd., Suite 210
3  Las Vegas, Nevada 89147
   Telephone: (702) 949-5096
4  Facsimile: (702) 949-5097
   dfeldman@feldmangraf.com
5  *Attorneys for Defendant*
   *Farmers Insurance Exchange*
6
                      UNITED STATES DISTRICT COURT
7
                           DISTRICT OF NEVADA
8
   SANDRA HERRERA,                    )   Case No.: 2:14-cv-02221-RFB-VCF
9                                     )
            Plaintiff,                )
10                                    )
         vs.                          )
11                                    )
   FARMERS INSURANCE EXCHANGE;        )
12 SAFECO INSURANCE COMPANY OF        )
   ILLINOIS, individually, DOES I through X and  )
13 ROE CORPORATIONS, I through X, inclusive,  )
                                      )
14          Defendants.               )
                                      )
15 ─────────────────────────────────  )
                                      )
16     **STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT**

17          PLAINTIFF, SANDRA HERRERA, by and through her counsel of record, Marjorie Hauf,

18  Esq. and Zachary Clayton, Esq. of the law office of Ganz & Hauf and DEFENDANT, FARMERS

19  INSURANCE EXCHANGE ("Farmers"), by and through its counsel of record, David J. Feldman,

20  Esq. of the law office of Feldman Graf, P.C., hereby enter into the following STIPULATION AND

21  ORDER REGARDING CONFIDENTIALITY AGREEMENT:

22          WHEREAS PLAINTIFF has filed the above styled and numbered suit against DEFENDANT,

23  FARMERS INSURANCE EXCHANGE; and

24          WHEREAS PLAINTIFF has caused to be served upon FARMERS INSURANCE

25  EXCHANGE certain discovery requests and contemplates serving upon FARMERS INSURANCE

26  EXCHANGE other discovery requests in the future; and

27          WHEREAS FARMERS INSURANCE EXCHANGE has asserted a privilege that some of

28  the materials sought are of a confidential or proprietary nature and constitute a trade secret under

                                       1

1   applicable law, and may assert such a privilege from discovery as to future requests; and

2        WHEREAS the PLAINTIFF and FARMERS INSURANCE EXCHANGE desire to expedite

3   and facilitate the discovery process in this litigation while protecting the business interests of

4   FARMERS INSURANCE EXCHANGE to its trade secrets; and

5        WHEREAS PLAINTIFF and FARMERS INSURANCE EXCHANGE agree that the easiest

6   and most economical way to accomplish this goal is through the execution of this STIPULATION

7   AND ORDER REGARDING CONFIDENTIALITY AGREEMENT;

8        IT IS THEREFORE AGREED as follows:

9   1.   Documents that will be produced by FARMERS INSURANCE EXCHANGE pursuant to this

10       STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT are

11       claimed by Defendant to be of a confidential or proprietary nature by Defendant at or about

12       the time of the incident or transactions at issue in this litigation or at some time later.  The

13       purpose of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY

14       AGREEMENT is to protect the confidentiality of these documents.

15  2.   Documents and information produced in this case by Defendant shall be protected from

16       inappropriate disclosure in accordance with the following terms and conditions:

17       a.   Defendant may, in good faith, designate documents or discovery information

18            "confidential" including, but not limited to:

19            i.   all documents and/or information that Defendant believes to constitute or

20                 disclose trade secrets or other confidential research, development, testing, or

21                 commercial information or other information that it is entitled to keep in

22                 confidence;

23            ii.  business marketing, testing, training materials, research or strategic plans

24                 relating to any materials, products, goods and/or services;

25            iii. discovery material reflecting or relating to research, testing or financial data;

26                 and/or

27  . . .

28  . . .

2

iv.   all documents and/or information containing or referring to internal evaluations or criticisms of any of Defendant's products, goods, services, practices and/or procedures.

b.   All documents produced by Defendant in this case and designated "confidential" shall be used solely for the purpose of "this action" and shall not be made available to persons other than "qualified persons" as defined in Paragraph 3. "This action" specifically refers to the pretrial proceedings and trial or settlement of the above-referenced cause of action, and no other.

The parties to this agreement recognize and agree that material designated as being confidential may be used at the time of trial (subject to the Court's review of objections regarding this material if applicable) or may otherwise use such confidential documents as exhibits to pleadings in Court. The parties further recognize and agree that the use of such documents for Court pleadings and/or evidence will not alter the confidential nature of same.

3.   "Qualified persons" means:

a.   a party to this action, an officer, director, employee or partner or a party of in-house counsel having direct responsibility for, working directly on, or testifying in connection with this action who has executed a Declaration; and/or

b.   counsel of record for the parties and the legal assistants and regularly employed office staff of the counsel of record for the parties; and/or

c.   a person retained by a party or its attorneys of record to assist in this action, such as independent accountants, expert witnesses, statisticians, economists, consultants or other technical experts and/or consultants, who have signed a Declaration. Delivery of the executed Declaration must be provided to counsel for Defendant Farmers Insurance Exchange at the time an expert report is provided, expert disclosures are due or at the conclusion of this case, whichever comes first; and/or

. . .

. . .

3

     d.     actual or potential deposition witnesses in this action who are assisting counsel in the prosecution or defense of this action or whom counsel must advise concerning the status of this action who have executed a Declaration.

4.    Unless prior written consent for further disclosure has been obtained from counsel for Defendant or permission for such disclosure has been given by the Court, each qualified person identified in Paragraphs 3(a), (c), and (e) above, as well as counsel for third-party witnesses, to whom delivery, exhibition or disclosure of any materials designed as confidential is made, shall be provided with a copy of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT, and shall execute a Declaration.

5.    "Confidential" documents and other discovery materials shall include all originals and copies of any document and/or information that Defendant has designated as such by stamping the cover or other page or by stamping a blank sheet affixed to the cover or other page with the word "CONFIDENTIAL" or in any other reasonable manner appropriate to the form in which the confidential information is made available to the qualified persons as defined in Paragraph 3. In lieu of stamping the originals of documents, Defendant may stamp copies that are produced or exchanged, or indicate in some appropriate fashion that the documents are confidential under this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT. Notwithstanding the foregoing, documents or other discovery materials produced and not so designated through mistake, an inadvertence, or for any other reason shall likewise be deemed confidential.

6.    In the event that a "qualified person" ceases to engage in the preparation for trial or trial of this proceeding, access by such person to confidential documents and other discovery materials of Defendant shall be terminated. However, the provisions of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall remain in full force and effect as to all persons who have obtained access to such documents or other discovery materials of Defendant designated for protection hereunder in perpetuity.

7.    Counsel for the parties shall maintain a list of the names of all persons, including all experts, expected to testify at trial, who inspect or view confidential documents and other discovery

1  information or who receive any copies of such confidential documents or discovery

2  information and shall make such a list available to Defendant at the conclusion of this litigation.

3  8.  Nothing contained herein shall prevent disclosure beyond the terms of this STIPULATION

4  AND ORDER REGARDING CONFIDENTIALITY AGREEMENT if Defendant consents

5  in writing to such disclosure; or if the Court, after notice to all affected persons, allows such

6  disclosure; or if the party to whom confidential information has been produced thereafter

7  becomes obligated to disclose the information in response to a lawful subpoena, PROVIDED

8  THAT the subpoenaed party gives prompt written notice to counsel for Defendant and permits

9  Defendant's counsel sufficient time to intervene and seek appropriate relief in the action in

10  which the subpoena was issued.

11  9.  Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY

12  AGREEMENT, nor any action taken in compliance with it, shall:

13  a.  operate as an admission by Defendant that any particular document, or discovery

14  material, deposition transcript, or discovery response is or is not confidential; or

15  b.  prejudice in any way the right of any party to seek a determination by the Court

16  whether particular documents or other information should or should not be disclosed

17  or if disclosed whether it should remain subject to the terms of this STIPULATION

18  AND ORDER REGARDING CONFIDENTIALITY AGREEMENT.

19  Any party may request the Court to modify or otherwise grant relief from any provision of this

20  STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT.

21  10.  Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY

22  AGREEMENT shall be deemed to impair Defendant's right to object to the production of

23  documents or information on any ground, or to assert that the documents or information

24  sought are privileged or otherwise protected from disclosure or to demand more stringent

25  restrictions for the treatment or disclosure of any documents or discovery information on any

26  ground that may be warranted by the circumstances of a particular document request.

27  . . .

28  . . .

5

11. Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this case.

12. The parties and their attorneys, and any "qualified persons" who receive confidential information subject to this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT, who intentionally, knowingly, or otherwise violate the terms of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall be jointly and severally liable to Defendant for all damages arising therefrom and Defendant may pursue any and all civil remedies available to it for breach of the terms of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT.

13. This STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT may be modified by executing a revised stipulation and order among all parties, approved by the Court or by application by noticed motion.

14. Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall be construed as a waiver of any rights by any party with respect to matters not specifically provided for herein. This STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall be applicable to documents and discovery materials produced.

Dated: June 17th, 2015                    Dated: 6/18/15

GANZ & HAUF                               FELDMAN GRAF, P.C.
Marjorie Hauf, Esq.                       David J. Feldman, Esq.
Nevada Bar No.                            Nevada Bar No. 5947
Zachary Clayton, Esq.                     8845 W. Flamingo Road, Suite 210
Nevada Bar No.                            Las Vegas, Nevada 89147
8950 W. Tropicana Avenue, Suite 1         Telephone:  (702) 949-5096
Las Vegas, NV 89147                       Facsimile:  (702) 949-5097
Telephone:  (702) 598-4529                *Attorneys for Defendant*
Facsimile: (702) 598-3626                 *Farmers Insurance Exchange*
*Attorneys for Plaintiff Sandra Herrera*

6

Case: *Sandra Herrera v. Farmers Insurance Exchange, et al.*
Case No.:  2:14-cv-02221-RFB-VCF

### ORDER

Good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, pursuant to Stipulation of the parties, the foregoing Stipulation and Order Regarding Confidentiality Agreement is granted in its entirety.

Dated: 6/22/15

UNITED STATES ~~DISTRICT COURT~~ JUDGE

Submitted by:

FELDMAN GRAF, P.C.
David J. Feldman, Esq.
Nevada Bar No. 5947
8845 W. Flamingo Road, Suite 210
Las Vegas, Nevada 89147
*Attorneys for Defendant*
*Farmers Insurance Exchange*

7